UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Alexis Elliott, | Case No. 2:23-cv-01735-CDS-DJA |
| Plaintiff | **Order Granting Defendant's Request to Set Aside the Entry of Default and Denying Plaintiff's Motion for Default Judgment as Moot** |
| v. | |
| Dermatology and Skin Cancer of Las Vegas, et al., | [ECF Nos. 15, 17] |
| Defendants | |

Plaintiff Alexis Elliott brings this claim against Dermatology and Skin Cancer of Las Vegas, Daniel Taheri, M.D., P.C., and LA Laser Center, P.C. alleging (1) discrimination based on sexual orientation, (2) retaliation, (3) wrongful termination, (4) breach of contract, and (5) breach of the implied covenant of good faith and fair dealing. Compl., ECF No. 1. After defendants did not appear, Elliott filed a motion for entry of clerk's default (ECF No. 8) which the Clerk of Court subsequently entered (ECF No. 9). Defendants filed a motion to set aside the clerk's entry of default on July 18, 2024. Mot. to set aside, ECF No. 15. Elliott opposes the motion to set aside (ECF No. 16), and on August 8, 2024, filed a motion for default judgment (ECF No. 17).[1] Both motions are fully briefed.[2] For the reasons herein, I grant defendants' motion to set aside the clerk's entry of default and deny as moot Elliot's motion for default judgment.

I. **Legal standard**

The entry of default is only proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the complaint. Fed. R. Civ. P. 55(a). Defaults are generally disfavored. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Courts typically attempt to resolve motions for entry of default "so as to encourage a decision on

---

[1] Elliot initially filed the motion for default judgment on July 4, 2024, but I denied that motion without prejudice for its failure to address the *Eitel* factors. Min. order, ECF No. 12.
[2] Reply to mot. to set aside, ECF No. 24; Resp. to mot. for default j, ECF No. 20; Reply to mot. for default j., ECF No. 22.

the merits." *See McMillen v. J.C. Penney Co., Inc.*, 205 F.R.D. 557, 558 (D. Nev. 2002) (citing *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001)).

Federal Rule of Civil Procedure 55(c) allows for an entry of default to be set aside for "good cause." Courts consider three factors when analyzing whether "good cause" exists. *United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). First, courts ask "whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default[.]" *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). "A defendant's conduct is culpable if [it] has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Mesle*, 615 F.3d at 1092. Second, courts ask "whether [the party seeking to set aside default] had [no] meritorious defense." *Franchise Holding II*, 375 F.3d at 926. To have a meritorious defense, a defendant needs to only "allege sufficient facts that, if true, would constitute a defense[.]" *Mesle*, 615 F.3d at 1094. Third, courts ask "whether reopening the default judgment would prejudice the other party." *Id.* at 1091 (quoting *Franchise Holding II*, 375 F.3d at 926). Setting aside the entry of a default judgment "must result in greater harm than simply delaying resolution of the case." *Id.* at 1095 (quoting *TCI Group*, 244 F.3d at 701). These factors are disjunctive; a finding that any one of them is true is sufficient for the district court to refuse to set aside the default. *Id.* at 1091. Courts have broad discretion to set aside entry of default. *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986).

II.    **Discussion**

Here, I find "good cause" exists to vacate the clerk's entry of default. As stated above, to determine whether there is "good cause" warranting the vacating of an entry of default judgment a court looks at (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party. *Mesle*, 615 F.3d at 1091. I address each factor in turn.

### A. Culpable conduct

A defendant's conduct is "culpable" if "he has received actual or constructive notice of the filing and intentionally failed to answer." *Id.* at 1092. Defendants argue that they did not receive actual or constructive notice of the filing for several reasons. First, service on LA Laser Center, P.C. was improper as it was sent to the wrong address. ECF No. 15 at 4. Second, Elliott purports to have served Dermatology and Skin Cancer of Las Vegas, but this is a nonexistent entity as "Dermatology and Skin Cancer of Las Vegas" is a ficticious name used by clinics located in Pahrump and Mesquite, not Las Vegas, and Dr. Taheri has no record of receiving a copy of the summons and complaint purportedly served on a receptionist at Las Vegas Skin and Cancer Institute – Centennial. *Id.* Third, although Dr. Taheri was ostensibly served via his professional registered agent, Dr. Taheri had no actual notice of this lawsuit until May 8, 2024, when his officer manager received Elliot's motion for entry of clerk's default. *Id.* Dr. Taheri has no record of receiving a copy of the summons and complaint from the professional registered agent who accepted service on his behalf and the professional registered agent has since been terminated. *Id.*

In her opposition, turning first to Dr. Taheri, Elliot argues that Dr. Taheri has shown culpable conduct because his registered agent was properly served, pursuant to Federal Rule of Civil Procedure 4(h) and thus Dr. Taheri was properly served regardless of whether he received a copy of the summons and complaint. ECF No. 16 at 8. As for LA Laser Center and Dermatology and Skin Cancer of Las Vegas, Elliott argues that both entities were properly served at the address of both entities' registered agent listed on the Nevada Secretary of State's website. *Id.* Elliot also argues that defendants showed culpable conduct because even after receiving the motion for entry of clerk's default, defendants, without explanation, still did not take any action to participate in the case until seventy-one days after receiving the motion. *Id.* at 11. Further, after Elliott filed her first motion for default judgment, defendants still took no action to set aside the default or enter their appearance in the matter for an additional fourteen days. *Id.*

Elliott asserts that defendants' nonaction makes it clear that they were acting with bad faith and with an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process. *Id.* In their reply, defendants argue that their failure to timely respond does not constitute culpable conduct because Elliott has failed to demonstrate how defendants' tardy participation has led them to have improperly benefitted, gained strategic advantage, or manipulated the legal process. ECF No. 24 at 3.

After considering the relevant pleadings, and while finding the delays concerning, I find that defendants have not engaged in culpable conduct. Even assuming arguendo that defendants were properly served, Elliott has not demonstrated how the circumstances demonstrate that defendants attempted to engage in legal gamesmanship. For a party to be treated as culpable, it must do more than simply make a "conscious choice not to answer." *Savov v. Immunotech Labs., Inc.*, 2023 U.S. Dist. LEXIS 48378, at *6 (D. Nev. Mar. 21, 2023). Indeed, it must be shown that a party "intended to interfere with judicial decision making, or otherwise manipulate the legal process." *Id.* (quoting *TCI Group*, 244 F.3d at 697). "Here, the Court cannot discern how [defendants] improperly benefitted from their tardy participation." *Wells v. Glob. Tech Indus.*, 2022 U.S. Dist. LEXIS 180447, at *7–8 (D. Nev. Sept. 30, 2022); *see Chrome Hearts, LLC v. Boutique Talulah*, 2012 U.S. Dist. LEXIS 140120, at *7 (D. Nev. Sept. 28, 2012) (finding that defendant's failure to respond did not allow it to take advantage of the opposing party, and that the "only outcome that such a failure could have earned Defendant was . . . an entry of default and a heightened possibility of default judgment in favor of Plaintiff"). Further, now that defendants are aware of the litigation, they have expressed a desire to defend themselves and have filed responsive pleadings for several different motions. *See Savov*, 2023 U.S. Dist. LEXIS 48378, at *6. Given defendants recent activity in the case, combined with the fact that the Ninth Circuit strongly favors judgment on the merits, the culpability prong weighs in favor of setting aside the clerk's entry of default. *See Mesle*, 615 F.3d at 1089 ("[A] case should, whenever possible, be decided on the merits.").

### B. Meritorious Defense

Defendants state that they have a meritorious defense in this case because (1) plaintiff was properly terminated for cause under their agreement, (2) plaintiff misinterprets the additional compensation section of the agreement, and (3) defendants will prove that no discriminatory or retaliatory action was taken against plaintiff. ECF No. 15 at 5. In response, Elliott argues that defendants' motion fails to provide "specific facts" showing a meritorious defense. ECF No. 16 at 13. In their reply, defendants state they will prove that "Plaintiff's termination was the result of poor financial performance, multiple patient complaints, acts of dishonest [sic], and aggressive behavior with office staff, not her same sex relationship." ECF No. 24 at 4.

"A meritorious defense is one which, if proven at trial, will bar plaintiff's recovery." *Aristocrat Techs, Inc., v. High Impact Design & Entm't*, 642 F. Supp. 2d 1228, 1233 (D. Nev. 2009) (quoting *Accu-Weather, Inc. v. Reuters, Ltd.*, 779 F. Supp. 801, 802 (M.D. Pa. 1991)). "The defendant's burden is minimal." *Mesle*, 615 F.3d at 1094. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense[.]" *Id.* (quoting *TCI Group*, 244 F.3d at 700). In their motion, defendants state that "Section 2 of the Agreement permitted the Corporation to immediately terminate the Agreement for cause." ECF No. 15 at 5. Defendants further state that Elliott misinterprets the Additional Compensation section of the Agreement and defendants will prove that the additional compensation was accurately calculated and disbursed pursuant to the Agreement. *Id.* Lastly, defendants state that they will prove that "no discriminatory or retaliatory action was taken against plaintiff" and that her "belief her incentive pay reduction and subsequent termination were the direct result of her announcement that she had recently been engaged to someone of the same sex is entirely unsupported and will be rebutted by the documents and testimony defendants intend to provide in this case." *Id.* Although this is not much information, defendants provide enough information to meet the required minimal showing of a meritorious defense. *See Knight v. Elko*

*Cnty.*, 2023 U.S. Dist. LEXIS 36571, at *5 (D. Nev. Mar. 6, 2023) (finding that defendant's assertion that she will "deny the factual allegations of the complaint" and "she complied with all relevant standards of care" was sufficient to demonstrate a meritorious defense). Therefore the meritorious defense prong weighs in favor of setting aside the clerk's entry of default.

### C.  Prejudice

In their motion, defendants argue that the prejudice prong weighs in favor of setting aside the clerk's entry of default because Elliott will not be prejudiced as she can still prosecute her claim against defendants, and there is no prejudice to Elliott resulting from a fair proceeding to determine liability. ECF No. 15 at 5. On the other hand, defendants argue that they will be greatly prejudiced if they are denied an opportunity to present their defenses on the merits of the case. *Id.* In response, Elliott argues that she will be prejudiced by setting aside the clerk's entry of default because she "has been forced to delay recovery in the matter due to Defendants' intentional indifference to asserting their rights," and that she has "expended time and resources seeking a default judgment only to have Defendants now negate that." *Id.* In reply, defendants argue that for a delay to be prejudicial, the Ninth Circuit requires that the delay "must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." ECF No. 24 at 3–4 (citing *Puentes v. Narvazia*, 2022 WL 1016651, at *2 (D. Nev. Apr. 5, 2022) (quoting *TCI Group*, 244 F.3d at 701)). Defendants further argue that "merely being forced to litigate on the merits cannot be considered prejudicial in this context." *Id.* at 4 (citing *Aussieker v. Lee*, 2021 U.S. Dist. LEXIS 19969, at *13 (E.D. Cal. Feb. 2, 2021)).

I find that setting aside default will not prejudice Elliott. Elliott's only argument that she will be prejudiced is that her recovery has been delayed and that she has expended time and resources seeking a default judgment. However, as defendants point out, courts in the Ninth Circuit have made clear that to prevent setting aside an entry of default, "prejudice to a non-moving party must result in greater harm than simply delaying resolution of the case[.]" *Savov*, 2023 U.S. Dist. LEXIS 48378, at *8 (quoting *Williams Law Group PLLC v. Am. Arbitration Ass'n*, 2021

U.S. Dist. LEXIS 149156, at *6 (D. Ariz. July 27, 2021)). Further, being forced to litigate a case on the merits is not considered prejudicial. *See Aussieker*, 2021 U.S. Dist. LEXIS 19969, at *13. Therefore the prejudice prong also weighs in favor of setting aside the entry of default.

In sum, all three factors weigh in favor of setting aside the Clerk's entry of default against defendants. Having determined that the Clerk's entry of default must be vacated, I deny plaintiff's motion for default judgment as moot because "a motion for default judgment may not be considered prior to entry of default." *Johnson v. Wennes*, 2009 U.S. Dist. LEXIS 2036, at *2 (S.D. Cal. Jan. 13, 2009).

### III.   Conclusion

IT IS HEREBY ORDERED that defendants' motion to set aside the clerk's entry of default **[ECF No. 15] is GRANTED**. The Clerk of Court is directed to **vacate** its May 13, 2024, default (ECF No. 9).

IT IS FURTHER ORDERED that plaintiff's motion for default judgment **[ECF No. 17] is DENIED as moot.**

IT IS FURTHER ORDERED that defendants must file a response to Elliott's complaint no later than February 18, 2025.

Dated: February 4, 2025

_____
Cristina D. Silva
United States District Judge